## No. 2497.

### ROBERT COSTLEY *v.* GALVESTON CITY RAILWAY COMPANY.

1. CHARGE OF COURT.—It was shown during the progress of a cause that the plaintiff who offered himself as a witness had been convicted of a felony, and was afterwards pardoned by the governor. The jury was instructed that "the proclamation of the governor renders the plaintiff a competent witness, leaving his credibility to be determined by you from all the facts and circumstances in evidence." *Held* that the charge was not a charge on the weight of evidence.

2. CHARGE OF COURT—NEGLIGENCE.—When the court instructs a jury that the omission to do an act which may constitute negligence, is or is not sufficient to establish it, it necessarily passes upon the weight to be given to the fact that the omission occurred when it might have been avoided. Such a charge is violative of the statute.

ERROR from Galveston. Tried below before the Hon. W. H. Stewart.

*Waul & Walker,* for plaintiff in error.

*F. Charles Hume,* for defendant in error: The verdict being authorized by the facts, and the justice of the case attained, the judgment will not be reversed because of errors in the charge—if errors there were. (Merriwether v. Dixon, 28 Texas, 19; G., H. & S. A. Ry. Co. v. Delahunty, 53 Texas, 211, 213; Syphert v. McCowen, 28 Texas, 639, 640; Brown v. Pressler, 6 Texas Law Review, 572, approving Delahunty case, supra; Bowles v. Brice, 66 Texas, 731, approving Delahunty case, supra, and other cases; Gaston v. Dashiell, 55 Texas, 519, 520, approving Delahunty case, supra; City of Galveston v. Morton, 58 Texas, 416; Loper v. Robinson, 54 Texas, 516; Erwin v. Bowman, 51 Texas, 519; Albright v. Corley, 40 Texas, 112; Hubby v. Stokes, 22 Texas, 219, 220; Fisk v. Holden, 17 Texas, 414; Duffell v. Noble, 14 Texas, 656; James v. Thompson, Id., 465. See also G. C. & S. F. R'y Co. v. Hewitt, 67 Texas, 481.)

It was proper, under the peculiar facts in evidence, to instruct the jury that the isolated fact, if established, that the car could have been stopped by applying the brake, was insufficient to constitute negligence.

STAYTON, ASSOCIATE JUSTICE.  This action was brought by
the appellant to recover damages for a personal injury alleged
to have been received by him through the negligence of the
employes of appellee in operating its street railway.  On the
trial the appellant offered to testify in his own behalf, and
this was objected to on the ground that he had been convicted
of a crime which disqualified him.  In support of this objec-
tion a transcript of the proceedings of the district court for
Travis county, showing his conviction of a felony, was offered.
The appellant then showed a pardon which removed the dis-
qualification.  The court instructed the jury as follows: "The
proclamation of the Governor renders the plaintiff a compe-
tent witness, leaving his credibility to be determined by you
from all the facts and circumstances in evidence."  It is urged
that this was a charge upon the weight of evidence.

The fact that the witness had been convicted of a felony, and
was at one time disqualified, had evidently been proved in the
presence of the jury, and the charge did no more than to in-
form the jury what the effect of the pardon was, and to leave
the credibility of the witness to the jury as is the credibility
of every witness.  The charge was correct as a legal proposi-
tion and evidently intended to remove any impression the jury
received from testimony affecting his competency introduced
during the trial.

The testimony for the plaintiff tended to show that in at-
tempting to cross the street, in advance of the street car, he
was knocked down by the mule drawing it, and then run over
by the car.  The evidence for the defendant tended to show
that the plaintiff was intoxicated, and lying on the railway in
the night time, and not seen by the car driver until it was too
late to stop the car before it passed over him.  So standing the
case, the court gave the following charge: "If you believe
from the evidence, that the plaintiff was knocked down by the
mule, and that the car driver then saw him down on the track,
and was guilty of palpable negligence in not stopping the car
before it run over plaintiff, then, although the plaintiff may
have been also guilty of negligence in going on the track the
plaintiff would be entitled to recover, but in cases of such
momentary emergency, it must be made to appear that the
negligence of the car driver was more than slight negligence in
failing to stop the car.  The mere fact that the car could have

been stopped by applying the brake is not sufficient to establish negligence of the car driver, but all of the facts must be taken into consideration in determining what would be negligence in such an emergency."

In the state of facts supposed by the charge, it is true that the jury should look to all the evidence to determine whether there was negligence on the part of the driver, but the charge, in effect, informed the jury that, although the appellant may have been knocked down by the mule and seen on the track by the driver in time to have stopped the car before it ran over him, such failure to stop the car would not constitute negligence. We know of no rule of law which declares that the failure to stop a car when it might be done, under such facts as are assumed in the charge is not negligence.

When a court instructs a jury that the omission to do an act which may constitute negligence, is or is not sufficient to establish it, it necessarily passes upon the weight to be given to the fact that the omission occurred when it might have been avoided. Such a charge, we think, violates the statute, which declares that the judge "shall not charge or comment on the weight of evidence." The word "palpable" used in the charge was doubtless used and understood to mean the same as the word "gross," and it becomes unnecessary to minutely consider the residue of the charge; for it was as favorable, if not more so, to the appellant than his own theory of the case justified. The rules applicable to such cases have been so often stated that it is unnecessary now to repeat them.

For the error in the charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 24, 1888.