NETTIE M. JOHNSON ET AL. v. GULF, COLORADO & SANTA FE
RAILWAY COMPANY.

No. 46.

**1. Negligence—Charge on Weight of Evidence.**—J., who was blind and riding in a wagon driven by his father, was leading a horse behind it. As the wagon crossed over a railway track, the horse, becoming frightened, pulled back, throwing J. on the track in front of an advancing hand car, which struck and killed him. In a suit against the railway company for causing the death, the court charged, that "if the employes in charge of the hand car saw the wagon of G. W. J., in which deceased was riding, stop before reaching the railway, and were thereby led to believe no effort would be made to cross said railway until it passed the crossing, then it was not negligence in said employes not to stop said hand car." The evidence was conflicting as to whether the wagon stopped before crossing the track; and in this state of the proof the charge above was objectionable as being on the weight of evidence, and also as intimating that in the opinion of the court the wagon did stop.

**2. Railway Company's Duty to use Improved Inventions.**—It is the duty of a railway company to adopt well tested inventions and improvements for the protection of persons lawfully on its track. Permitting the use of a hand car not supplied with the most efficient brakes will, where an injury proximately results therefrom, constitute ordinary negligence.

**3. Negligence—Proximate Cause.**—In order that negligence constitute the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the circumstances.

4. Contributory Negligence of Another Imputed, When.—Where two persons are engaged in a joint undertaking, the negligence of each will be imputed to the other; and where one of them, of his own volition, confides himself to the care of the other, the negligence of such custodian should be imputed to him.

5. Contributory Negligence — Intervening Cause.—Where one has time to cross a railway track in safety under ordinary circumstances, he is not chargeable with contributory negligence for failing to anticipate an unusual occurrence, such as falling upon the track, unless there was reason to anticipate such falling, from the circumstances.

Appeal from Johnson.    Tried below before Hon. J. M. Hall.

*Henry & Green*, for appellants.— 1.  Whether the act of the employes, in not stopping the car after they saw the wagon stop, was or was not negligence, was a question of fact, and should have been left to the jury.

2.  It is the duty of railway companies to supply their cars with the most approved appliances, and those best fitted for the protection purposes for which they are intended, looking to the prevention of accidents and injury to persons and property.  Railway v. Benson, 69 Texas, 407; Railway v. Oram, 49 Texas, 345.

3.  The court erred in defining gross negligence to be an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the interest and welfare of others.   Railway v. Shuford, 72 Texas, 170.

*Smith & Davis* and *J. W. Terry*, for appellee.— 1.   The court's charge, that " By the expression gross negligence is meant an entire failure to exercise care, or the exercise of such a slight degree of care as to justify the belief that there was an indifference to the interest or welfare of others,'' was correct.   Railway v. Shuford, 72 Texas, 170.

2.  Deceased having placed himself in the care and control of G. W. Johnson, in accomplishing their joint enterprise, and the negligence of G. W. being the proximate cause of the death, appellee is not liable therefor.  Railway v. Kutac, 72 Texas, 652; Gray v. Railway, 22 Am. and Eng. Ry. Cases, 358.

HEAD, Associate Justice.—On the 5th day of August, 1886, William A. Johnson was run over and killed by one of the hand cars of appellee, where its track crosses a wagon road at what is known as McPherson's Crossing, in Johnson County, Texas.

It seems that deceased was blind, and was in the rear end of a wagon leading a horse, which wagon was being driven by his father, George Johnson.   The two were going after some water for their joint use, and to also give water to the horse which was being led, and which was their

joint property.  In approaching the crossing, the driver, George Johnson, saw the hand car when it was at a distance of 500 or 600 yards, and there was nothing to prevent the hands on the car from also seeing the wagon.  When the wagon reached the crossing the car was at a distance of from 50 to 65 yards, and it seems that the horse deceased was leading, just as the wagon got over the track, became frightened and pulled back, throwing deceased upon the track in front of the car, where he was struck. From the injuries so received the said William A. Johnson died on the 6th of August, 1886, and appellants instituted this suit to recover the damage caused them by such death.

Appellants complain at the action of the court in giving the following charge to the jury:  "If the defendant's employes in charge of the hand car saw the wagon of G. W. Johnson, in which deceased was riding, stop before reaching the railway, and were thereby led to believe no effort would be made to cross said railway, until it passed the crossing, then it was not negligence in said employes not to stop said hand car," etc.

Some of the witnesses testified, that when the wagon got near the crossing it stopped and then started again; while others testify that no stop was made, and still others that there was no entire stop, but only a slight checking of the horses.  That this charge in this state of the evidence was upon the weight of the evidence, and was therefore improperly given, is well illustrated by quite a number of cases in this State.  See Railway v. Roberts, ante, p. 111, where a number of these cases are referred to; Costley v. Railway, 70 Texas, 112.

The question as to what does or does not constitute negligence where there is a conflict in the evidence, is one peculiarly for the jury.  The charge is also objectionable, in that the jury might have understood therefrom that the court was of the opinion that the wagon did stop, and only left it for them to decide as to whether or not appellee's employes saw it and were influenced thereby, when, as we have seen, it was a controverted question as to whether or not the wagon stopped at all.  The giving of this charge will therefore necessitate a reversal of the judgment; and without undertaking to discuss the several errors assigned by appellants seriatim, we will attempt to give, as concisely as possible, our views of the law applicable to the case as it may be presented upon another trial.

The grounds relied upon by appellants in their petition for recovery are two:  1.  They allege gross negligence on the part of the servants of appellee in charge of the hand car.  2.  They allege negligence on the part of appellee in permitting the use of a defective hand car, or of a hand car not provided with the most efficient kind of brakes.

This death having been caused in 1886, prior to the amendment of our statute upon this subject, to entitle appellants to recover on account of the acts of the servants of appellee it will be necessary that the evidence

show gross negligence on their part.    Railway v. Kutac, 76 Texas, 474; Railway v. Hill, 71 Texas, 451.

It is doubtful whether in this class of cases it is advisable for the trial court to attempt to define what is meant by the term "gross negligence." Railway v. Shuford, 72 Texas, 170.    But, if it be deemed necessary to make this attempt, the definition as given in the charge of the court does not seem to us to be objectionable.    Railway v. Kutac, supra; Railway v. Cocke, 64 Texas, 156; Railway v. Shuford, supra.

If, however, appellants base their right to recover on the negligence of appellee in permitting the use of an improper car, it will only be necessary for them to show ordinary negligence on its part.    Railway v. Geiger, 79 Texas, 13; Railway v. Johnson, 1 Texas Civ. App., 103.

That it is the duty of a railway company to adopt well tested inventions and improvements for the protection of persons lawfully upon its track at highway crossings, we think there can be no question.    Mr. Pierce, in his excellent work on Railroads, page 355, says: "The duty of the company to avail itself of well tested inventions and improvements which materially contribute to safety, has been much considered with reference to its passengers; but it is a duty which extends also to other persons rightfully using or crossing its track.    Thus it should use the brakes which are found to be the most efficient for stopping trains."    If, therefore, the jury, under proper instructions, should find that deceased was not chargeable with contributory negligence in being upon appellee's track at the time he was run over by its car, and appellee was guilty of ordinary negligence in permitting the use of said car under the rules of law herein indicated, and this negligence was the proximate cause of the death, it would be liable therefor.

The proximate cause of an injury is ordinarily a question for the jury, and it is very difficult to give a definition which will apply to all cases. In the case of Jones v. George, 61 Texas, 352, in quoting from Railway v. Kellogg, 94 United States, 475, it is said: "It is generally held, that in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been forseen in the light of the attending circumstances."    The definition given by the court in its charge is perhaps subject to criticism when so tested; but in the connection in which it was given it furnished no cause of complaint to appellants, being in their favor and not to their injury.

In deciding whether or not deceased was guilty of contributory negligence in being caught upon the track of appellee, several important questions are presented.    In the first place, is negligence on the part of the driver of the wagon to be charged to him?    If the jury should find that deceased and his father were engaged in a joint undertaking, it is settled

in this State that each would be responsible for the negligence of the other. Railway v. Kutac, 72 Texas, 643. And without undertaking to review the numerous cases in this country discussing the noted English case of Thorogood v. Bryan, 8 C. B., 115, we think it is fairly deducible from the authorities that if deceased was blind so as to be unable to take care of himself, and of his own volition confided himself to the care of his father, the negligence of such custodian should be imputed to him; in such case he would be his agent. For a full discussion of the different cases upon this interesting question, see Beach on Contributory Negligence, commencing at section 103; also note to Gray v. Railway, 22 American and English Railway Cases, commencing on page 355.

In deciding as to whether or not George Johnson was guilty of negligence in attempting to cross the track in front of the car, it will be necessary for the jury, under proper instructions, to take into consideration all the attendant circumstances, such as the distance the car was from the crossing at the time the attempt was made, the speed at which it was coming, and also the kind of car. The jury might find that a person would be justified in attempting to cross in front of a hand car when he would not be justified under the same circumstances were the car being drawn by a locomotive. 2 Wood's Ry. Law, 1315. If it be found that there was time to cross the track in safety under ordinary circumstances, it would seem that Johnson should not be charged with contributory negligence for failing to anticipate an unusual occurrence, such as falling upon the track, unless there was reason to anticipate such falling from the surrounding circumstances: Pierce on Rys., 347; 2 Wood's Ry. Law, 1314.

In this State it is held, that even where a person is wrongfully on the track, if an unforseen accident or providential cause intervenes which retains him there, his negligence in going upon the track will be deemed the remote and not the proximate cause of his injuries, and he will not thereby be precluded from recovering. Railway v. Sympkins, 54 Texas, 615; Roberts v. Railway. supra. If, therefore, the jury should find that had it not been for the horse pulling deceased off of the wagon the crossing would have been made in safety, and that it was not negligence on the part of the driver in failing to anticipate this result, and that appellee was guilty of negligence in permitting the use by its servants of an improper car, or that appellee's servants were guilty of gross negligence, and that such negligence on the part of appellee or its servants was the proximate cause of the injury, and should such findings be sustained by the evidence, we think appellants would be entitled to recover.

Appellants present a number of assignments, calling in question the action of the court below in the admission of evidence. It is hardly probable that these objections will arise in the same form upon another trial. The evidence seems to have been offered to impeach appellants'

witness George Johnson, by showing that he had made statements out of court inconsistent with his evidence given upon the trial.    We think the proper predicate was laid for most, if not all, of these questions.    The law upon the admissibility of this kind of evidence is so well settled that there need be no error made in the rulings upon this branch of the case upon another trial, without further dicussion from us.

We think what we have already said sufficiently indicates our views upon the other questions raised by appellants' assignments of error.

Let the judgment of the court below be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 17, 1893.

A motion for rehearing in this case was overruled.