### HINES et al. v. WELCH.   (No. 2385.)

(Court of Civil Appeals of Texas. Texarkana. March 3, 1921.)

**1. Negligence ⚌15—Liability joint and several.**

Generally, where an injury has been sustained by reason of the concurring negligence of two or more persons, a suit may be maintained against them jointly or separately.

**2. Negligence ⚌90—Agent's negligence imputable to principal.**

If either of the persons whose negligence injures a third person is the agent or representative of the third person, or under the third person's control, the third person cannot recover for injuries, because the negligence of his representative or agent is chargeable to him as principal.

**3. Negligence ⚌89(1) — Imputed negligence defined.**

In the absence of the relation of parent and child and of principal and agent, negligence in the conduct of another will not be imputed to a plaintiff if he neither authorized such conduct or participated therein, nor had the right or power to control it.

**4. Negligence ⚌89(1) — Imputed negligence based on agency.**

The principle of imputed negligence rests on agency or authority of each, express or implied, to act for all in respect to the control of the means or agencies employed to execute the common purpose or enterprise.

**5. Negligence ⚌95(1)—Father's negligence not imputable to son.**

A son injured by the movement of cars while assisting his father in loading a car with household goods is not chargeable with father's negligence, where the son has no control over the management of the work.

**6. Negligence ⚌89(1)—"Joint enterprise" defined.**

A "joint enterprise" within the law of imputed negligence is the joint prosecution of a common purpose under such circumstances that each has authority express or implied to act for all in respect to the control or agencies employed to execute such common purpose.

**7. Damages ⚌185(1) — Notice of longevity taken by jury where evidence showed the age of plaintiff and his father.**

In action for injuries, where the evidence was ample to show a permanent injury and mental anguish therefrom, the jury could take notice of longevity; the age of plaintiff and his father being shown.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Action by W. W. Welch against W. D. Hines and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. L. Welch chartered a car from the agent of the railway company at Grand Saline to transport his household goods to Nacogdoches. The railway agent placed the car for loading on a side track. W. W. Welch, the appellee, 33 years old, was assisting J. L. Welch in loading the car. W. W. Welch was inside the car, and J. L. Welch was standing in a wagon next the door of the car, handing the goods to W. W. Welch, who arranged them in the car. An engine switching cars to the side track shoved a car against the car being loaded. At the time of the impact, which was forcible, the appellee "started to reach for a sack of salt which was on the edge of the wagon bed, to bring it into the car, and the car was struck and threw me out on the wagon wheel, on my right side, and I further fell from the wagon wheel, on my hip, on the cross-ties." For the injuries, which appear from the evidence to have been very serious and permanent, the appellee sues for damages, alleging that "the employees of the defendant negligently shoved a car against the car in which this plaintiff was working loading said car to be transported."

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant answered by general denial and pleaded contributory negligence as follows:

"(2) Defendant represents to the court that, if plaintiff was injured as charged in his petition, which defendant does not admit, but denies, he was injured as a direct and proximate result of his own negligence or the negligence of his father, Jack Welch, which caused and contributed to cause his injury, in that at the time of the alleged injury of the plaintiff he was engaged in aiding and assisting his father in loading household goods and freight into a box car of the defendant to be transported by it to the place of destination, and while loading the box car from the wagon that had been placed by the side of the car, the plaintiff and father was loading, the plaintiff was on the inside of the car to receive such freight and goods.

"(3) That the defendant in moving the car that coupled to the car that the plaintiff was loading did it in a careful and prudent manner, gave all signals that they were going to couple the car, and the brakeman calling out to the plaintiff that they were going to couple on the car or back against it, giving him full notice of the handling of the train and believing that father and son knew of the purpose of defendant of backing against the car. If the plaintiff had exercised ordinary care for his safety, he would not have remained in a dangerous position that caused or would have caused plaintiff's injury; that plaintiff negligently and carelessly, without regard to notice given him by the defendant through its employees, refused to obey the notice and remained standing in a dangerous position, and by his own contributory negligence caused and produced his injury."

The jury made answer to the special issues submitted: (1) That the plaintiff did not have notice that the car was going to be moved; (2) that the failure of the defendant's agent to notify the plaintiff that the car was to be moved was negligence proximately causing the injury; (3) that the agent in charge of the train negligently handled the cars, causing the impact and lurch, proximately resulting in the injury; (4) that the plaintiff while engaged in loading the car used ordinary care to avoid injury, and was not guilty of contributory negligence; (5) that he suffered damages, stating the amount. The evidence supports the findings of the jury, and they are here adopted.

The appellants' first assignment of error is that—

"The court erred in refusing to submit to the jury in its main charge that notice given to the father of the intention of the appellant to move the car which the father and the appellee were engaged jointly in loading was notice to the appellee."

The evidence relied on is stated in the appellants' brief as follows:

"The brakeman whose duty it was to give notice to those engaged in loading the cars testified that he walked down by the side of the car that appellee and his father were loading, and he observed appellee standing in a place of perfect safety, and that he would be in no danger in the moving of the car if he remained in the place where he was then standing; that he walked to the east end of the car and saw appellee's father drive his wagon up next to the car door in which appellee was standing; that he then called out to the father of appellee not to place his wagon by the car, that they were going to move the train and for him to watch out. The father of appellee testified that he heard the brakeman call to him, but that he was hard of hearing, and that he didn't understand what he said, but that he drove the wagon up to the car after he heard the brakeman call to him, and he and appellee were engaged in unloading a sack of salt from the wagon and into the car when the train bumped into the car, and appellee was knocked down and injured."

The statement of the evidence is approved. The record does not show that appellee heard the brakeman tell the father that the car was to be moved, or that appellee had any notice of warning or knew of the intention to move it.

Wynne & Wynne, of Kaufman, for appellants.

Simpson, Lasseter & Gentry, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). The appellant requested the court, and the court refused, to submit to the jury for finding, in effect: (1) Whether or not J. L. Welch, the father, was guilty of negligence in driving his wagon to the door of the car for unloading after he had been notified that the train would move against the standing car; and (2) whether or not such negligence of J. L. Welch, the father, caused or contributed to cause the injuries of the plaintiff W. W. Welch. The evidence shows, as very correctly stated in appellants' brief, that—

"The father was moving, and the appellee was aiding his father in loading household goods in the car placed by appellant for the purpose on the loading track, and it became necessary for appellant to move the car in order to switch other cars ahead of it on the side track. The employee of appellant before moving the car saw appellee standing in the car in a place of safety in the car, and saw J. L. Welch, the father, driving his wagon towards and near the side door of the car, and the employee then and there called out to the father not to stop his wagon by the car, as they were going to move the train, and for him to watch out."

The father testified:

That he "heard the brakeman call to him, but that he was hard of hearing and didn't understand what he said."

The appellants' proposition under this first assignment, predicating error on refusal to submit the charges, is:

"Where two or more persons are engaged in a joint enterprise, the negligence of one is at-

tributable to the other, and notice to one is notice to the other."

[1-3] There is not involved in the present contention any question of whether or not the appellee himself was guilty of contributory negligence. The court submitted that issue to the jury. The precise question is that of whether or not there is applicable to the pleading and evidence in this case the doctrine of imputed negligence. Was the negligence, if any, of J. L. Welch, the father, as predicated in the circumstances, chargeable to W. W. Welch, and a recovery denied him for that reason? The act or omission charged against the father was not the sole and only cause of the injury. A similar duty of warning appellee of the intention to move the car rested upon the railway company, and the real producing cause of the injury was the impact from the operation of the train. The rule is well established, as a general proposition, that where an injury has been sustained by reason of the concurring negligence, if such were the case here, of two or more persons each, all may be held liable and suit may be maintained against them jointly or separately. If the defendant's act was operative at the moment of the injury, he will be liable, although the injurious result was contributed to by the act of a third person. Railway Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755; Railway Co. v. Croskell, 6 Tex. Civ. App. 160, 25 S. W. 486. But, while the general rule is as above stated, "if it appears," as stated in 20 R. C. L. p. 148, § 121, "that either of the persons whose negligence injures a third person (plaintiff) is the agent or representative of the injured person (plaintiff) or under his control, he (plaintiff) cannot recover therefor because the negligence of the representative or agent is in law the negligence of his principal, and, being chargeable with the negligence of his agent, he is deemed guilty of contributory negligence." That principle was applied in the case of Johnson v. Railway Co., 2 Tex. Civ. App. 139, 21 S. W. 274. In that case it was determined that, when one is under such physical disability as to find it necessary to place himself in the care of the other, he would be constituting the other his agent, and the negligence of such agent in so driving upon a railway track as to cause the plaintiff injury through a collision will be imputed to the latter. And in Railway Co. v. Tankersley, 63 Tex. 57, the contributory negligence of a bailee of cotton, whereby it was consumed by fire proceeding from a railway engine, was imputed to the owner thereof. There, of course, the bailee was charged with the custody of the property of the owner so as to charge the owner with the consequences. And the rule as to imputed negligence as settled in this state, in cases other than parent and child, is that, in the absence of the relation of principal and agent, negligence in the conduct of another will not be imputed to a plaintiff if he neither authorized such conduct nor participated therein, nor had the right or power to control it. Railway Co. v. Kutac, 72 Tex. 643, 11 S. W. 127; Railway Co. v. Johnson, 224 S. W. 282, and see authorities there cited; also see 20 R. C. L. p. 128, § 121; 1 Sutherland on Damages (3d Ed.) § 27. 1 Sutherland on Damages, § 27, states the rule to be that in order to impute the negligence of a third person to the plaintiff such third person must be "some one subject to his control or direction, or with whom he is so identified in a common enterprise as to become responsible for the consequences of his negligent conduct." And it is stated in 1 Thompson on Negligence (3d Ed.) § 506:

"There is some small authority in support of the proposition that the negligence of one of two joint undertakers may be imputed to the other; the governing principle being that each is the agent of the other."

[4-6] The principle of imputed negligence then, as seen, rests on agency, or authority of each, express or implied, to act for all in respect to the control of the means or agencies employed to execute the common purpose or enterprise. It is obvious in the instant case that the evidence is not sufficient to authorize a finding that J. L. Welch and appellee were in the relation of copartners or joint owners of the household goods or the wagon and team. Appellee had no joint interest or interest at all in the goods or team; and it is clear that J. L. Welch and appellee were not in the relation of principal and agent; and, if it were so, the appellee would be the agent, and not the principal. It is true that the jury were authorized to find from the evidence that J. L. Welch was loading his household goods in a car, and the appellee was his helper. They were working together in a sense in a joint venture or enterprise, but it is entirely consistent with the idea of personal service of employer and employee. Appellee had no other duty to perform than to receive the goods from the wagon and place them in the car, and had no will in or control over the management of the wagon and team or J. L. Welch in driving the team to the car. A joint enterprise, within the meaning of the law of imputed negligence, is, as given in 20 R. C. L. p. 149, § 122:

"The joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose."

It is further evident that appellee did not authorize or participate in the driving of the wagonload of freight beside the car at the time in question. In the case of Schron v. Railway Co., 16 App. Div. 111, 45 N. Y. Supp. 124, the father and son were engaged in moving goods, for which purpose a horse and vehicle were used, and they were so occupied and upon the wagon when the accident hap-

pened. Negligence of the one was there imputed to the other upon the ground that each was present and had control at hand of "the means or agency employed to execute the common purpose." Either one at the time could have prevented the injury. It is believed that J. L. Welch and appellee were not, in the evidence, engaged in such common or joint enterprise, within the meaning of the law of imputed negligence, as to make the appellee responsible for the negligence of J. L. Welch, assuming there was negligence on his part.

[7] It is believed that there is no error in the third assignment of error, and it is overruled. The evidence is ample to show a permanent injury and mental anguish therefrom. The jury can take notice of longevity; the age of appellee and his father being shown.

The judgment is affirmed.