THOMAS KEYLEY, PLAINTIFF IN ERROR, v. THE CEN-
TRAL RAILROAD COMPANY OF NEW JERSEY, DE-
FENDANT IN ERROR.

Argued December 1, 1899—Decided March 5, 1900.

1. The decisions of this court in the cases of *Merkle* v. *New York, Lake
Erie and Western Railroad Co.*, 20 *Vroom* 473; *Central Railroad Co. of
New Jersey* v. *Smalley*, 32 *Id.* 277, and of *Conkling* v. *Erie Railroad Co.*,
34 *Id.* 338, holding that it is negligence in a person to drive across a
railroad crossing without stopping, "where there are permanent ob-
structions to sight that would make danger invisible, and a transient
noise that would make it inaudible," approved and applied to the facts
of this case.

2. K., sitting in a baker's wagon, drove his horse on a trot, without stop-
ping, over two of the tracks of a railroad crossing, of which there
were more than fifteen, where he could not see a slowly-moving coal
car which struck and injured him, on the next track. *Held*, that he
was guilty of contributory negligence because, owing to the obstruc-
tions to his vision, ordinary prudence required him to stop the noise
of his moving horse and wagon, when he was near enough to the un-
seen track, to ascertain by the use of his hearing whether there was
risk or not in such crossing.

On error to the Union County Circuit Court. This cause
was tried May 25th, 1899, before Hon. B. A. Vail, judge,
and a jury, and a judgment of nonsuit granted.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Richard V. Lindabury.*

The opinion of the court was delivered by

VREDENBURGH, J.   It seems to me that the proper deter-
mination of the questions raised by the writ of error in this
case does not justify an extended opinion.   To do so would
but burden our law reports with repetitions of principles
already fully and carefully laid down by this court.

The plaintiff in error was properly nonsuited in the court

below for his contributory negligence. That negligence consisted in his attempting to cross the railroad tracks with undue speed and without stopping at a dangerous surface crossing on First street, in the city of Elizabeth, near the works of the Singer Sewing Machine Company. That crossing was made especially dangerous by the large number of railroad tracks (the evidence says between fifteen and twenty) at that point, and by the fact that coal and box cars were standing on the second track so as to prevent the plaintiff from seeing a coal car slowly moving on the third track he was about to cross. The counsel of the plaintiff in error urges in his brief that the present case should be distinguished from the case of *Central Railroad Co.* v. *Smalley*, 32 *Vroom* 277, which is said to have controlled the ruling of the Circuit Court below, in that " the obstructions which prevented the plaintiff from seeing were created by the railroad company." While this fact furnishes some reason why the company may be indictable for maintaining a public nuisance on First street, it affords no excuse for the folly of the plaintiff in error in blindly trotting his horse over two railroad tracks and into a place of danger, where he could not see nor hear the moving car until, to use his own words, it was "right on top" of him.

In the case just cited this court declared that " the plaintiff went forward into a danger which permanent obstructions made it impossible to see, and which a passing noise made it difficult to hear. The permanence of the obstruction to sight made hearing his best reliance. A few minutes' delay would have given him the full benefit of it. In advancing at once, while circumstances interfered with its efficient exercise, he acted with less prudence than the law exacts." Also, see *Merkle* v. *New York, Lake Erie and Western Railroad Co.*, 20 *Vroom* 473.

Quite recently, in the case of *Conkling* v. *Erie Railroad Co.*, 34 *Vroom* 338, where the plaintiff drove his horses on a trot upon the crossing, this court repeated that " under

such circumstances the duty of the traveler on the highway does not stop with looking and listening, but he must exercise care to select a position from which an effective observation can be made, and he must also exercise care to make the act of looking and listening reasonably effective." Applying, then, principles so deliberately pronounced and reiterated by this court, the nonsuit below was clearly correct. The plaintiff seems to have approached this dangerous crossing under the idea that the less he was able to see and hear of the moving cars on his front, the more he should hurry over the railroad tracks, utterly ignoring the fact that the noise of his horse's hoofs, and rattle of his iron-bound wagon wheels in their contact with the planks and iron tracks he was crossing, must necessarily interfere with his ability to hear an approaching car which he could not see. Perhaps the fact that he had safely driven over these tracks every day for the previous five months led the plaintiff into this imprudence. However that may be, it is apparent that he courted the disaster that happened to him, and that for the law to have awarded him damages, under the circumstances, would have been to offer a reward for reckless driving over the railroad crossings of the state.

The judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, NIXON, HENDRICKSON, VREDENBURGH. 10.

*For reversal*—COLLINS, BOGERT, ADAMS. **3.**