# CHARLES HOLLINSHEAD v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

### (127 N. W. 993.)

**Railroads — Accidents at Crossings — Contributory Negligence — Jury.**

1. In an action to recover for personal injuries caused by a collision at a public crossing over defendant's railroad track, evidence examined and *held* that the question of plaintiff's contributory negligence was properly submitted to the jury.

**Verdict — Excessive Damages.**

2. The jury awarded plaintiff damages in the sum of $1,250. *Held,* not excessive.

### Opinion filed September 17, 1910.

Appeal from District Court, Barnes county; *Hon. Edward T. Burke,* J.

Action to recover for personal injuries inflicted by defendant's train at a public crossing over defendant's railway track. From a judgment in plaintiff's favor and from an order denying defendant's motion for a new trial, defendant appeals.

Affirmed.

*Lee Combs, John L. Erdall* (Alfred H. Bright, of counsel), for appellant.

*Herman Winterer* and *David S. Ritchie,* for respondent.

---

Note.—As to contributory negligence in crossing railroad tracks, see notes in 36 L. ed. U. S. 1064; 11 L.R.A.(N.S.) 963; and 8 Am. St. Rep. 813.

Employees in charge of railway trains must be on lookout at every crossing, and give the signals. Bertelson v. Chicago, M. & St. P. R. Co. 5 Dak. 313, 40 N. W. 531; Johnson v. Great Northern R. Co. 7 N. D. 284, 75 N. W. 250. Where exercise of due care requires other precautions than those provided by law, they must be used. Coulter v. Great Northern R. Co. 5 N. D. 568, 67 N. W. 1046. But see Mankey v. Chicago, M. & St. P. R. Co. 14 S. D. 468, 85 N. W. 1013. Failure to give signals, and running trains at too rapid speed, by railroad company, does not excuse plaintiff's negligence. West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254. One crossing a railroad track must use care commensurate with the known and reasonably apprehended danger. Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531. Driving rapidly, over frozen road, with head covered to shield from cold, failing to look for train, etc., is contributory negligence. Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997. Doctrine of "last clear chance" inapplicable. Ibid.

Fisk, J.   Action to recover for personal injuries occasioned by a collision with defendant's train at a public crossing.   Plaintiff had judgment in the court below and defendant appeals both from the judgment and from the order denying its motion for a new trial.

The assignments of error are all grouped under two subdivisions in appellant's brief, its contentions, briefly stated, being, first, that the plaintiff, as a matter of law, was guilty of contributory negligence in approaching and driving upon the crossing in question at the time of the accident, precluding a recovery; and second, that the verdict is excessive and that the court erred in denying defendant's motion for a new trial for that reason.

The rules governing the courts in determining the question of contributory negligence in cases of this character are too well settled to require restatement at this time.   Counsel do not disagree as to the rules of law applicable, and therefore we deem it necessary merely to call attention to the recent case of Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531, and cases therein cited, for a full and, as we believe, accurate statement of the law upon this subject. In this, as in most cases of this nature, the chief controversy between counsel arises over the application of such rules to the particular facts involved.   It becomes necessary, therefore, to review the facts in the case at bar, as far as material, and to those facts apply such settled rules, stating our conclusions therefrom.   In narrating the facts, those regarding which there is a substantial conflict will and properly should be stated in the light most favorable to plaintiff.

With these preliminary observations, we proceed to a consideration of the facts.

At the time of the accident, being at about 10 o'clock A. M. of June 9, 1908, plaintiff, a man eighty-two years of age, was *en route* from Valley City, this state, to his farm, located about eight miles southeast of said place. He was alone and was driving a team of horses hitched to a light platform buggy.   The accident happened at a public crossing over defendant's railroad track some few miles from Valley City, over which crossing plaintiff was required to pass and had passed on many previous occasions in going to and returning from his farm.   At this crossing the highway runs in an easterly or northeasterly direction and the defendant's railroad track runs from the

southeast toward the northwest. In approaching the crossing from the west, and just before reaching a point 125 feet from the railroad track, there is a dip or depression in the highway, and from a point 125 feet from the crossing the highway is slightly down grade until it reaches such crossing. For a considerable distance southeast from the crossing, defendant's roadbed lies in a cut several feet deep, and on the westerly side of such cut there were four stacks or piles of snow fences placed in such a position that plaintiff's view of defendant's track was materially obstructed while he was driving along the highway from a point about 125 feet southwest of the crossing until he reached a point about 25 feet therefrom. Plaintiff testified that his team was walking when he reached the rise in the highway 125 feet from the crossing, and that at that place he took the precaution to look both ways along the track to see if there was a train approaching, and that he could neither see nor hear a train, although his eyesight and hearing were reasonably good. He thereupon drove his team on a slow trot of about 4 or 5 miles an hour over the remaining strip of the road leading to the track, until he had arrived at a point about 6 feet from the crossing, when he pulled the team down to a walk, looked up the track, saw the train approaching at what he considered a rate of 30 to 35 miles per hour, when he attempted to stop his team, but it was too late to prevent the accident. The team was struck by a train consisting of about 20 flat cars loaded with gravel. The team was killed and plaintiff was thrown from the buggy, receiving injuries about his shoulder, back, head, and lower limbs. Plaintiff testified that no warning was given by whistle, bell, or otherwise of the approach of such train, which was being pushed backwards through said cut. He is corroborated by several witnesses, both as to the speed of the train and the failure to give crossing signals. At a point 25 feet from the crossing, plaintiff had an unobstructed view of the track to the southeast for a considerable distance, but between that point and the rise in the highway, at which place plaintiff looked and listened, it appears from the photographs introduced in evidence that the view of plaintiff, while not entirely obstructed, was very materially interfered with by the embankment and snow fences on the westerly side of defendant's track. After plaintiff left the brow of the hill in the highway about 125 feet from the crossing aforesaid, it does not appear that

he took any further precaution to avert a collision until he arrived within about 6 feet of the planking of the crossing. The foregoing are, we think, substantially all the material facts bearing upon the plaintiff's conduct in approaching the crossing in question, and from such evidence we are required to determine whether, as a matter of law, plaintiff was guilty of a failure to exercise such care as a reasonably prudent person would exercise under the like circumstances. It is quite apparent from the testimony that the exercise of a little more care on his part would have avoided the accident, but this is no doubt true as to nearly every person receiving injuries. That defendant, according to plaintiff's testimony, was guilty of culpable negligence in backing its train through said cut at such a high rate of speed, without giving any warning of its approach at such crossing, is beyond question. Plaintiff, on approaching such crossing, had a right to assume that defendant would give signals before reaching the crossing.

In the light of the facts as above narrated, although the question is not free from doubt, we do not feel justified in holding as a matter of law that plaintiff was guilty of such a want of care as to preclude a recovery. It is only in rare cases that a court is warranted in determining the question of contributory negligence as a matter of law. If it can be said that different minds might honestly differ as to the inferences and conclusions to be drawn from the testimony, it is properly a case for the jury. Under the state of the proof as disclosed in this record, we are not prepared to say that reasonable minds might not honestly differ upon the question as to whether plaintiff exercised that degree of care for his safety which ordinarily prudent persons would be expected to exercise under the like conditions. The care exercised by plaintiff in the case at bar is, we think, fully as great, if not greater, than that exercised by Coulter in his case against the Great Northern Railway Company (5 N. D. 568, 67 N. W. 1046), yet this court held there that the question was one properly for the jury. We conclude that the trial court did not err in submitting the case to the jury.

Appellant's only remaining contention is that the damages awarded by the jury are excessive and are the result of prejudice and passion of the jury. We are unable to concur in this view. One thousand two hundred and fifty dollars is the sum awarded. In view of the nature

of the injuries as testified to by plaintiff, the imputation against the jury is, we think, unwarranted. At least we are unwilling to hold that the amount awarded is so grossly excessive as necessarily to indicate passion and prejudice of the jury. The judgment and order appealed from are affirmed.

All concur, except MORGAN, Ch. J., who did not participate in the decision.