THOMAS CHRISTOPHERSON v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, a Corporation.

(— L.R.A.(N.S.) —, 147 N. W. 791.)

**Driver of private conveyance — collision with train — obstructions to views — contributory negligence.**

1. The driver of a private conveyance who collides with a train while at-tempting to cross a railroad track at a public crossing known by him to be a

Note.—The question of the duty of a traveler approaching a railway crossing as to place and direction of observation is discussed in a note in 37 L.R.A.(N.S.)

very dangerous one on account of complete obstructions to his view of the defendant's train, and who, knowing that a train was about due, concededly did not stop and listen or exercise any precaution to ascertain whether a train was approaching, except to look around as he was driving when he knew his vision of the track was completely obstructed, is guilty of contributory negligence as a matter of law.

**Care — railroad crossing — contributory negligence.**

2. Where the facts respecting the failure to exercise care by the driver of a team ·about to cross a railroad track are conceded or uncontradicted, and it can be said that reasonable men could not draw different conclusions or inferences therefrom, the question of the contributory negligence of such driver is one of law for the court.

**Private conveyance — driver of — negligence of — recovery — negligence — imputed to plaintiff.**

3. Where the plaintiff and the negligent driver of a private conveyance were, at the time of plaintiff's injury resulting from a collision with defendant's train at a railroad crossing, engaged in a joint enterprise, the driver's negligence is imputed to such plaintiff, and no recovery can be had.

Opinion filed May 28, 1914.

Appeal from District Court, Barnes County, *J. A. Coffey,* J.

From a judgment in defendant's favor, and from an order denying a new trial, plaintiff appeals.

Affirmed.

*Page & Englert,* for appellant.

The plaintiff cannot be held guilty of contributory negligence as a matter of law, because he did not stop and listen before crossing the track.   The test is, the use of ordinary care.   Coulter v. Great Northern R. Co. 5 N. D. 568, 67 N. W. 1046; Kunkel v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 367, 121 N. W. 830; Solberg v. Schlosser, 20 N. D. 307, 30 L.R.A.(N.S.) 1111, 127 N. W. 91; Hollinshead v. Minneapolis, St. P. & S. Ste. M. R. Co. 20 N. D. 642, 127 N. W. 993; Messenger v. Valley City Street & Interurban R. Co. 21 N. D. 82, 32 L.R.A.(N.S.) 881, 128 N. W. 1023; Code 1905, § 7295.

---

135.   And upon the duty of the driver of an automobile where view is obstructed, see note·in 46 L.R.A.(N.S.) 705.  ·

The authorities on the question of imputed negligence of driver to passenger are gathered in a note in 8 L.R.A.(N.S.) 597.   See also note in 110 Am. St. Rep. 278.

The statute requiring notice to be given is a limitation statute. It amounts to no more. Arp v. Allis-Chalmers Co. 130 Wis. 454, 8 L.R.A.(N.S.) 997, 118 Am. St. Rep. 1036, 110 N. W. 386; Code 1905, § 6770.

The matter of the sufficiency of notice of claim is one of defense. It must be properly pleaded and proved. Mexican Nat. R. Co. v. Jackson, — Tex. Civ. App. —, 32 S. W. 230; Barnet v. Houston, 18 Tex. Civ. App. 134, 44 S. W. 689; Smith v. Power, 23 Tex. 29; Van Burg v. Van Engen, 76 Neb. 816, 107 N. W. 1006; White v. Century Gold Min. & Mill. Co. 28 Utah, 331, 78 Pac. 868; Wise v. Williams, 72 Cal. 544, 14 Pac. 204; Wright v. Ward, 65 Cal. 525, 4 Pac. 534; Haines v. Amerine, 48 Ill. App. 570; Hatch v. Minneapolis, St. P. & S. Ste. M. R. Co. 15 N. D. 490, 107 N. W. 1087; Pracht v. McNee, 40 Kan. 1, 18 Pac. 925; Hunter v. Hunter, 63 S. C. 78, 90 Am. St. Rep. 663, 41 S. E. 33; Moore v. Smith, 29 S. C. 254, 7 S. E. 485; Borland v. Haven, 37 Fed. 394.

*Lee Combs & L. S. B. Ritchie,* for respondent (*John L. Erdall,* of counsel).

When the view or hearing of a traveler approaching a railroad crossing is so obstructed that he cannot otherwise satisfy himself as to whether or not it is prudent to cross, it is his duty, where he is familiar with the crossing or aware of the facts, to stop and look or listen, before trying to cross the track. Colorado & S. R. Co. v. Thomas, 33 Colo. 517, 70 L.R.A. 681, 81 Pac. 801, 3 Ann. Cas. 700, 18 Am. Neg. Rep. 316; Pennsylvania Co. v. Frana, 112 Ill. 398; Moore v. Chicago, St. P. & K. C. R. Co. 102 Iowa, 595, 71 N. W. 569; Nosler v. Chicago, B. & Q. R. Co. 73 Iowa, 268, 34 N. W. 850; Atchison, T. & S. F. R. Co. v. Willey, 60 Kan. 819, 58 Pac. 472, 6 Am. Neg. Rep. 515; Philadelphia & B. C. R. Co. v. Holden, 93 Md. 417, 49 Atl. 625; Donnelly v. Boston & M. R. Co. 151 Mass. 210, 24 N. E. 38; Lau v. Lake Shore & M. S. R. Co. 120 Mich. 115, 79 N. W. 13; Houghton v. Chicago & G. T. R. Co. 99 Mich. 308, 58 N. W. 314; Clark v. Northern P. R. Co. 47 Minn. 380, 50 N. W. 365; Hunter v. Montana C. R. Co. 22 Mont. 525, 57 Pac. 140; Carter v. Central Vermont R. Co. 72 Vt. 190, 47 Atl. 797; Wilson v. Illinois C. R. Co. 150 Iowa, 33, 34 L.R.A. (N.S.) 687, 129 N. W. 340.

The driver of the team at the time of the accident was guilty of

gross negligence in his acts and conduct.     Seefeld v. Chicago, M. & St. P. R. Co. 70 Wis. 216, 5 Am. St. Rep. 168, 35 N. W. 278; Keyley v. Central R. Co. 64 N. J. L. 355, 45 Atl. 811, 7 Am. Neg. Rep. 452; Blackburn v. Southern P. Co. 34 Or. 215; 55 Pac. 225; Lightfoot v. Winnebago Traction Co. 123 Wis. 479, 102 N. W. 30; Shufelt v. Flint & P. M. R. Co. 96 Mich. 327, 55 N. W. 1013; Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997, and cases cited; West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254.

Where the pleadings and evidence show that more time has elapsed than that allowed by the statute, in which to bring the action, the burden is on the plaintiff to show that the statute is imperative.     Paine v. Dodds, 14 N. D. 189, 116 Am. St. Rep. 674, 103 N. W. 931, and cases cited; Winter v. Winter, 101 Wis. 494, 77 N. W. 883, and cases cited; 25 Cyc. 1226, and cases there cited in the note, 1227, and note 55; Bruce v. Luck, 4 G. Greene, 143; Rock Island Plow Co. v. Masterson, 96 Ark. 446, 132 S. W. 216; Weaver v. Davis, 2 Ga. App. 455, 58 S. E. 786.

The rule is that the existence of causes of actions which are transitory in their nature is determined by the *lex loci,* and this same rule or law governs the defense.     38 Cyc. 549; Alabama G. S. R. Co. v. Carroll, 97 Ala. 126, 18 L.R.A. 433, 38 Am. St. Rep. 163, 11 So. 803; Mexican C. R. Co. v. Gehr, 66 Ill. App. 173; Baltimore & O. S. W. R. Co. v. Reed, 158 Ind. 25, 56 L.R.A. 468, 92 Am. St. Rep. 293, 62 N. E. 488; Dorr Cattle Co. v. Des Moines Nat. Bank, 127 Iowa, 153, 98 N. W. 918, 4 Ann. Cas. 519, — Iowa, —, 102 N. W. 836; Johnson v. Chicago & N. W. R. Co. 91 Iowa, 248, 59 N. W. 66; Louisville & N. R. Co. v. Whitlow, 114 Ky. 470, 41 L.R.A. 614, 43 S. W. 711; Turner v. St. Clair Tunnel Co. 111 Mich. 578, 36 L.R.A. 134, 66 Am. St. Rep. 397, 70 N. W. 146, 1 Am. Neg. Rep. 270; Chicago, St. L. & N. O. R. Co. v. Doyle, 60 Miss. 977; Charlton v. St. Louis & S. F. R. Co. 200 Mo. 413, 98 S. W. 529; Kimball v. Kimball, 75 N. H. 291, 73 Atl. 408; Laird v. Connecticut & P. River Co. 62 N. H. 254, 13 Am. St. Rep. 564; Voshefskey v. Hillside Coal & I. Co. 21 App. Div. 168, 47 N. Y. Supp. 386; Alexander v. Pennsylvania Co. 48 Ohio St. 623, 30 N. E. 69; Knowlton v. Erie R. Co. 19 Ohio St. 260, 2 Am. Rep. 395; O'Reilly v. New York & N. E. R. Co. 16 R. I. 388, 5 L.R.A. 364, 6 L.R.A. 719, 17 Atl. 171, 906, 19 Atl. 244; East Tennessee, V. & G. R. Co. v. Lewis, 89 Tenn. 235, 14 S. W. 603; Southern P. Co. v.

Dusablon, 48 Tex. Civ. App. 203, 106 S. W. 766; Morrisette v. Canadian P. R. Co. 76 Vt. 267, 56 Atl. 1102; Shaver v. White, 6 Munf. 110, 8 Am. Dec. 730; Boston & M. R. Co. v. McDuffey, 25 C. C. A. 247, 51 U. S. App. 111, 79 Fed. 934; 38 Cyc. 556; Arp v. Allis-Chalmers Co. 130 Wis. 455, 8 L.R.A.(N.S.) 997, 118 Am. St. Rep. 1036, 110 N. W. 386.

FISK, J. Plaintiff seeks to recover damages for personal injuries received by him through the alleged negligence of defendant in running its train over a certain public crossing near St. Croix Falls, in the state of Wisconsin, on November 2, 1905. Plaintiff's injury was caused by a collision at such crossing at about 6:30 A. M. on such date, and while plaintiff, his brother, and a lady friend were about to cross the railroad track at such point.

At the close of the plaintiff's testimony the defendant moved for a directed verdict upon the ground, among others, that such testimony disclosed that he was guilty of contributory negligence as a matter of law, which motion was granted and a verdict directed for the defendant. Thereafter plaintiff moved for a new trial, which motion was denied and judgment entered in defendant's favor for costs. The appeal is both from the judgment and from the order denying a new trial.

The assignments of error, of which there are three in number, relate to the rulings of the court aforesaid.

We deem it unnecessary to consider any question presented other than that constituting the first ground of defendant's motion for a directed verdict, for we are agreed that the learned trial court properly granted defendant's motion upon the ground that plaintiff was guilty of contributory negligence, barring his recovery.

The plaintiff's testimony discloses the following undisputed facts: Plaintiff and the other two occupants of the vehicle, which consisted of a single-seated top buggy drawn by two horses with the top down, were returning early in the morning from the home of plaintiff's father to St. Croix Falls, and they were required to cross a branch line of defendant's railroad at a point known as "Charlie Pickles' crossing." This crossing was a very dangerous one owing to the fact that the highway approaching thereto is about 20 feet deep and down hill through a narrow cut, just wide enough to permit teams to pass, being only

about 15 or 20 feet wide at the crossing, and the railroad track is also in a cut between 15 and 20 feet deep with bur oaks growing on top of either embankment, and extending to a considerable distance down on the sides thereof. These bur oaks were quite thick and from 10 to 12 feet in height. From 12 to 15 rods east of the crossing the railroad track makes a curve, and the cut extends back from the crossing from 15 to 20 rods. At the time of the accident it was somewhat windy, and the proof tends to show that the defendant's servants did not blow its whistle or ring its bell on approaching such crossing. The train came from a northeasterly direction. The plaintiff and his brother were well acquainted with the crossing in question, and knew that it was impossible to see a train approaching from the northeast until they arrived at a point very close to the crossing. They had lived in that community for five or six years prior to the accident, and had been over the crossing repeatedly. Plaintiff and his brother jointly hired the rig to make the trip on the preceding evening for the purpose of visiting their father's home, and plaintiff drove the rig going out and his brother Charlie drove on the return trip and at the time of the accident. Among other things, Charlie testified as follows: "I knew the crossing was a bad one. I knew that the train was about to come or was due at that time. I had been through there five or six times before. I knew it was a pretty bad crossing. I looked back to see if there was any train coming. I knew there was one coming, and I knew I could not see until I got close to the track had it been coming. I could not see any until I got down close to the track. I did not stop the team. I made no other investigation to see whether it was coming or not. You would have to go down on the track to see it. I knew that. We approached the track without stopping the team, knowing that we could not see it. Before the team heard the train I could have stopped and looked down the track. I did not do that. I knew it was about time for the train to come along there. After the horses sheared off to one side the engine passed over the crossing. The engine did not strike the horses from the head-end part. There was nothing that prevented me from getting out of the rig, and leaving the team in the hands of my brother, and going to the side of the track to look east and west, if I had elected to do so before the horses reached the crossing. I would not have been in danger myself if I had done that."

The evidence of the plaintiff and the lady who was in the rig, and who is now plaintiff's wife, was substantially the same as that of the witness Charlie Christopherson.

It will thus be seen that we are here confronted with an exceptional state of facts: First, an extremely dangerous crossing, and known to be such by the plaintiff and his brother, owing to the fact that it was impossible to see an approaching train from the northeast; second, the plaintiff's brother knew that a train was due at about the time in question; and, third, the only precaution taken on approaching the crossing to ascertain whether a train was coming was that testified to by Charlie, the driver of the rig, that he looked back to see if there was an approaching train, when he knew that to look would avail him nothing. It seems to us that to drive the team down to the crossing under these circumstances, without even stopping to listen for an approaching train, was, to say the least, most reckless and heedless conduct, and clearly constituted gross negligence as a matter of law.

Concededly, it was impossible to see the train as they approached this crossing, and the undisputed proof shows that they did not stop nor take any precaution whatever, except the driver testified that "I looked around as I was driving." Had they stopped the team a few seconds, and listened for an approaching train, the accident would not have happened.

Seefeld v. Chicago, M. & St. P. R. Co. 70 Wis. 216, 5 Am. St. Rep. 168, 35 N. W. 278; Keyley v. Central R. Co. 64 N. J. L. 355, 45 Atl. 811, 7 Am. Neg. Rep. 452; Blackburn v. Southern P. R. Co. 34 Or. 215, 55 Pac. 225.

We are not unmindful of the well-settled rule in this state that contributory negligence is usually a question of fact for the jury, and that it is only in very exceptional cases that a trial court is justified in taking from the jury the question of the exercise of care on the part of the plaintiff, commensurate with the known or reasonably apprehended danger. The following are some of the cases decided by this court in support of such rule:

Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531; Kunkel v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 367, 121 N. W. 830; Solberg v. Schlosser, 20 N. D. 307, 30 L.R.A.(N.S.) 1111, 127 N. W. 91; Hollinshead v. Minneapolis, St. P. & S. Ste. M. R. Co.

20 N. D. 642, 127 N. W. 993; Rober v. Northern P. R. Co. 25 N. D. 394, 142 N. W. 22. But we think each of the foregoing cases may be differentiated from the case at bar on the facts involved, and each case must, of course, be governed by its own peculiar facts. As before stated, the case at bar presents an exceptional state of facts which, we think, clearly disclose as a matter of law the negligence of the driver of the rig; for it is clear to our minds that reasonable men cannot differ or draw different conclusions or inferences from the facts disclosed, but would be forced to the one conclusion from the conceded facts, that the driver was guilty of recklessness and want of due care which directly contributed to the plaintiff's injury. See Haugo v. Great Northern R. Co. 27 N. D. 268, 145 N. W. 1053, and cases cited, where the rule respecting contributory negligence as a matter of law is stated.

The facts being undisputed, and there being no basis for reasonable minds to differ as to the inferences or conclusions to be deduced from such facts, it became merely a question of law for the court; and we are satisfied that the decision of the trial court was entirely correct, provided the contributory negligence of plaintiff's brother, the driver of the rig at the time of the accident, is imputed to plaintiff. Upon this latter point there is, we think, no room for doubt under the authorities. The undisputed proof discloses that these brothers were at the time engaged in a joint enterprise, they having hired the rig and agreed to share equally the expense of such hiring. Each, therefore, had as much authority and control over the manner of driving as the other had. This being true, the negligence of one was the negligence of both.

Lightfoot v. Winnebago Traction Co. 123 Wis. 479, 102 N. W. 30; Beaucage v. Mercer, 206 Mass. 492, 138 Am. St. Rep. 401, 92 N. E. 774; Nesbit v. Garner, 75 Iowa, 314, 1 L.R.A. 152, 9 Am. St. Rep. 486, 39 N. W. 516; McBride v. Des Moines City R. Co. 134 Iowa, 398, 109 N. W. 618; Koplitz v. St. Paul, 86 Minn. 373, 58 L.R.A. 74, 90 N. W. 794; Johnson v. Gulf, C. & S. F. R. Co. 2 Tex. Civ. App. 139, 21 S. W. 274; Donnelly v. Brooklyn City R. Co. 109 N. Y. 16, 15 N. E. 733; Schron v. Staten Island Electric R. Co. 16 App. Div. 111, 45 N. Y. Supp. 124, 3 Am. Neg. Rep. 61; Cass v. Third Ave. R. Co. 20 App. Div. 591, 47 N. Y. Supp. 356; Boyden v. Fitchburg R.

Co. 72 Vt. 89, 47 Atl. 409; Omaha & R. Valley R. Co. v. Talbot, 48 Neb. 628, 67 N. W. 599.   See also note in 8 L.R.A.(N.S.) 628, and 29 Cyc. 542, 550, and cases cited.

For a correct statement of the rule as to when the negligence of the driver of a private conveyance is imputable to the injured person, and when not, see 7 Am. & Eng. Enc. Law, 2d ed. 447, 448, and authorities cited in notes.

Affirmed.