## CHARLES W. CROWSON v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY.

(161 N. W. 725.)

**Railroad crossing — injuries — damages — action to recover — contributory negligence — dismissal — trial court — justified in dismissing.**

In an action to recover damages for injuries received at a railroad crossing, it is held that the trial court was justified in dismissing the action on account of the contributory negligence of the plaintiff.

Opinion filed December 12, 1916. Rehearing denied March 3, 1917.

Appeal from the District Court of Ward County, *K. E. Leighton*, J.

'Action to recover for personal injuries and for injury to horses. Judgment for defendant. Plaintiff appeals.

Affirmed.

*Bradford & Nash,* for appellant.

The obstruction of the crossing and the maintenance of the same upon the sidetrack and right of way, which completely obstructed the view of the public for so great a distance, constituted negligence. Reed v. Chicago, St. P. M. & O. R. Co. 74 Iowa, 188, 37 N. W. 149; Rockford, R. I. & St. L. R. Co. v. Hillmer, 72 Ill. 235; McGuire v. Hudson River R. Co. 2 Daly, 76; Hine v. Erie R. Co. 27 Ohio C. C. 155; Central R. Co. v. Feller, 84 Pa. 226.

In the great majority of cases where the obstruction of the view is not held to be negligence *per se,* it is proper to consider the fact of the existence of the obstructions, on the question of the degree of care which the company is bound to exercise in the running and management of its trains and in the giving warning of their approach. Continental Improv. Co. v. Stead, 95 U. S. 161, 24 L. ed. 403; Bilton v. Southern P. Co. 148 Cal. 443, 83 Pac. 440; Funston v. Chicago, R. I. & P. R. Co. 61 Iowa, 452, 16 N. W. 518; Chicago, R. I. & P. R. Co. v. Hinds, 56 Kan. 758, 44 Pac. 993; Thomas v. Delaware, L. & W. R. Co. 19 Blatchf. 533, 8 Fed. 729; Guggenheim v. Lake Shore & M. S. R. Co. 66 Mich. 150, 33 N. W. 161.

The duty of the railroad company is not limited to the blowing of the whistle or the ringing of a bell, but extends to the necessity of giving adequate signals to the public of the approach of trains and the employment of such care as is commensurate with the danger to be reasonably apprehended at the particular crossing. Coulter v. Great Northern R. Co. 5 N. D. 568, 67 N. W. 1046.

The statute or other regulations do not diminish the common-law duty. This is settled law. Chicago & A. R. Co. v. Dillon, 123 Ill. 570, 5 Am. St. Rep. 559, 15 N. E. 182.

Plaintiff was not guilty of contributory negligence, and the evidence does not warrant such conclusion. The plaintiff used care and exercised his best judgment under the circumstances. One cannot act with a calm and collected mind under the circumstances, and he is not to be held guilty of contributory negligence simply on the theory that another might have acted and done differently under the same con-

ditions, and possibly have avoided injury. Coulter v. Great Northern R. Co. supra; 28 Cyc. 521; 33 Cyc. 901; Dougherty v. Chicago, M. & St. P. R. Co. 20 S. D. 46, 104 N. W. 672; 7 Am. & Eng. Enc. Law, 427–436; McIntyre v. Orner, 166 Ind. 57, 4 L.R.A.(N.S.) 1130, 117 Am. St. Rep. 359, 76 N. E. 750, 8 Ann. Cas. 1087; Clarke v. Pennsylvania Co. 132 Ind. 199, 17 L.R.A. 811, 31 N. E. 808; Pennsylvania Co. v. McCaffrey, 139 Ind. 430, 29 L.R.A. 104, 38 N. E. 67; Knapp v. Sioux City & P. R. Co. 71 Iowa, 41; Twomley v. Central Park, N. & E. River R. Co. 25 Am. Rep. 162 and note, 69 N. Y. 158, 5 Am. Neg. Cas. 217.

There can be no dispute over the proposition that before the plaintiff can be found guilty of contributory negligence as a matter of law, it must appear from all the facts and circumstances that no other inference could be fairly and reasonably drawn. Atchison, T. & S. F. R. Co. v. Wilkie, 11 L.R.A.(N.S.) 963, note; Haugo v. Great Northern R. Co. 27 N. D. 273, 145 N. W. 1053; Gast v. Northern P. R. Co. 28 N. D. 118, 147 N. W. 793; Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997.

But this question was one properly for the jury. Cameron v. Great Northern R. Co. 8 N. D. 130, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Bank of United States v. Smith, 11 Wheat. 171, 6 L. ed. 443.

*Palda, Aaker, & Greene (Alfred H. Bright* and *John L. Erdall,* of counsel), for respondent.

The plaintiff was guilty of such plain contributory negligence that he cannot recover. The evidence clearly shows that in approaching the crossing he had ample time to have stopped after he had discovered the approach of the train. He ran into danger when he did not need to do so. Haugo v. Great Northern R. Co. 27 N. D. 268, 145 N. W. 1053; Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Gast v. Northern P. R. Co. 28 N. D. 118, 147 N. W. 793; Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 N. D. 40, 138 N. W. 976; Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997; Gothard v. Alabama G. S. R. Co. 67 Ala. 114, 11 Am. Neg. Cas. 32; Louisville & N. R. Co. v. Richards, 100 Ala. 365, 13 So. 944, 1 Am. Neg. Cas. 105; Continental Improv. Co. v. Stead, 95 U. S. 161, 24 L. ed. 403; Fleming v. Western P. R. Co. 49 Cal. 253,

11 Am. Neg. Cas. 193; Pepper v. Southern P. Co. 105 Cal. 389, 38 Pac. 974, 11 Am. Neg. Cas. 200; Hager v. Southern P. Co. 98 Cal. 309, 33 Pac. 119, 11 Am. Neg. Cas. 213; Sanderson v. Chicago, M. & St. P. R. Co. 167 Iowa, 90, 149 N. W. 188; West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254.

The ordinary precaution required of one approaching a railroad crossing, when he has no knowledge of the close proximity of a train, is that he look and listen and make a diligent use of all his faculties to inform himself and avoid collision.    West v. Northern P. R. Co. supra; Pendroy v. Great Northern R. Co. 17 N. D. 443, 117 N. W. 531; Continental Improv. Co. v. Stead, 95 U. S. 161, 24 L. ed. 403; Pepper v. Southern P. Co. 105 Cal. 389, 38 Pac. 974, 11 Am. Neg. Cas. 200; Stone v. Northern P. R. Co. 29 N. D. 480, 151 N. W. 36.

Where there is no dispute in the evidence as to the facts or as to the existence or nonexistence of a particular fact, or where the evidence is such that reasonable minds could not differ as to the existence or nonexistence of the fact, no question arises for the consideration of the jury, and it is the duty of the court to apply the law.    Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Pepper v. Southern P. Co. 105 Cal. 389, 38 Pac. 974, 11 Am. Neg. Cas. 200; Louisville & N. R. Co. v. Richards, 100 Ala. 365, 13 So. 944, 1 Am. Neg. Cas. 105; 2 Thomp. Neg. § 1616.

BRUCE, J.   This is an action to recover damages for injuries sustained in a crossing accident.   The accident occurred at Burlington, North Dakota.   The main line of the defendant railway company ran east and west.   Forty-three feet 6 inches south of the main track was a sidetrack.   On this sidetrack was a string of box cars, the westerly one of which projected some 22 feet into the street on which plaintiff was driving, and the easterly one of which was probably some quarter of a mile to the east.   Though the westerly car projected into the street, it appears that there was plenty of room to keep on the 18 or 20 foot crossing, which was constructed by the railway company and provided for by statute, and to pass the same, all that was necessary being to turn slightly to the west and "hook around" the car.   The plaintiff was well acquainted with the crossing, it having been his

custom for some time to pass over the same about twice a week. At the time of the accident he was driving a four-horse team attached to a heavy farm wagon with a grain tank in which he had been hauling wheat. One team was hitched to the pole of the wagon, while the other was ahead of it and attached to the wagon and drawing it by means of a chain attached to the pole and with a separate whiffletree. This left the lead team about 18 inches ahead of the noses of the pole team, and the rumps of the pole team were about $2\frac{1}{2}$ feet from the front of the grain tank. The street was 63 feet wide. The wind was blowing from the northwest. Plaintiff had crossed the track and unloaded his grain and then had driven to a store some 125 feet south of the sidetrack. He then started on his return journey. From this store he had a view of the track for some mile and a half beyond the cars on the sidetrack and the elevator. The cars, however, on the side-track, extended from the crossing for a distance of about a quarter of a mile, and for this distance the train could not be seen. He saw no sign of a train and started towards the crossing. He knew that a train was due at about this time. He knew that trains passed constantly up and down the track. He did not know whether the train that was due at that time had passed or not. When he was approaching the track, he looked to see if any smoke could be seen above the line of box cars, and saw none. He heard no bell or whistle. The train was running at a speed of about 20 to 25 miles an hour, and he himself was traveling at a rate of about 4 or $4\frac{1}{2}$ miles an hour. This shows conclusively that at the time he left the store he either must have seen the train or it was behind the line of box cars, as it only took plaintiff about three fourths of a minute to reach the track, and it would have been impossible for the train, traveling at the rate stated, to have traveled the quarter of a mile of the box cars and the mile and a half to the southeast in that time.

The distance between the sidetrack and the main track was 43 feet 6 inches. It was 25 feet from the tip of the noses of his lead horses to the front end of the grain tank. Plaintiff was standing 18 inches, or at the most 36 inches, from the front of the grain tank. He testified that he saw the train approaching just as soon as he passed the box car on the sidetrack. It is perfectly clear that directly after he

got around the box car he could have seen the train. It is also perfectly clear that, knowing that a train was liable to pass at any time, being thoroughly conversant with the crossing, having crossed it numerous times, and, as he himself testified, having crossed it twice a day for some time since, he knew the dangerous nature of the crossing, and that it was his duty to stop as he reached the end of this car and to look for approaching trains. If he had stopped when he reached this place there would have been 17 feet between the noses of his lead team and the track, or 15½ feet from the overhanging cars. In addition to this it would have been a very simple matter to have turned his lead team to the left, or, in fact, both of his teams and his wagon, as the passage between the two tracks was clear and unobstructed and could have been driven upon. If this had been done, he would not have been run into. Instead of this he chose not to stop at all and to recklessly try to cross the track and in front of the train, which he says was going at a rate of 20 to 25 miles an hour, and which, when seen, was only 125 feet distant, and this was a four-horse team and a grain tank which would cover a distance of nearly 40 feet.

The evidence discloses as clear a case of contributory negligence as could well be imagined, and the trial judge did not, therefore, err in granting the motion of the defendant and in dismissing the action. Haugo v. Great Northern R. Co. 27 N. D. 268, 145 N. W. 1053; Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Wallenburg v. Missouri P. R. Co. 37 L.R.A.(N.S.) 135, note; Gast v. Northern P. R. Co. 28 N. D. 118, 147 N. W. 793; Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 N. D. 40, 138 N. W. 976; Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997.

The judgment of the District Court is affirmed.

## On Petition for Rehearing.

Robinson, J. I approve this decision. It would be a great detriment to the public if railway trains were to move like teams. They must go. It is the duty of every person to use great care and caution in crossing a railroad track.